UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
:
TWIN TOWERS ROOFING, INC.,              :
:
:                3:04-CV-00737 (WWE)
    Plaintiff,                          :
:
v.                                      :
:
:
UNIVERSAL CONTRACTING                   :
SERVICES, INC. and GULF INSURANCE       :
COMPANY,                                :
:
    Defendants.                         :
_____:

RULING ON DEFENDANT GULF INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT

This action arises from allegations by the plaintiff, Twin Towers Roofing, Inc. ("Twin Towers"), that the defendant, Universal Contracting, Inc. ("Universal"), is in default as to moneys owed to Twin Towers pursuant to the Miller Act, 40 U.S.C. section 3133(b)(1) and moneys owed pursuant to the execution of a payment bond and performance bond issued by the defendant, Gulf Insurance Company ("Gulf"), to Twin Towers.  Gulf now moves for summary judgment as to Twin Towers' claims, arguing that the statute of limitations bars this action.

1

BACKGROUND

On or about March 11, 2003, Twin Towers entered into a construction contract with defendant Universal Contracting Service, in which Twin Towers agreed to work as a subcontractor to Universal on a construction project for the United States Department of the Navy.  The project was located at the Naval Submarine Base in Groton, Connecticut.  Twin Towers was to provide labor, materials and services to replace the roofs of various buildings on the base.

On May 2, 2003, Universal provided a labor and materials payment bond for the project procured from Gulf, as surety, in the amount of $25,000.00, as required by 40 U.S.C. section 3131.

On or about July 8, 2003, Twin Towers began work on the Navy project.  Issues arose concerning Twin Towers' roofing work, particularly regarding roof leakage in one of the project buildings.   As a result of these issues, on or about September 9, 2003, Universal sent Twin Towers a letter declaring Twin Towers in default and terminating the subcontract.

On January 22, 2004, Twin Towers filed suit in the Northern District of Ohio, seeking to recover money due and owing for the labor and materials it had furnished Universal.  On motion of Universal, this case was transferred to the District of Connecticut.

After transfer, Twin Towers moved this Court for an order to add Gulf as a defendant and this motion was granted on February 2, 2005.  The amended complaint was docketed the same day.  Gulf was served with a summons and a copy of the amended complaint on March 29, 2005.

ARGUMENT

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

"Under the Miller Act, any person who has furnished labor or material for the construction, alteration, or repair of a public building and has not been paid can sue the surety which issued the payment bond."  Franklin Pavkov Construction Co. v. Ultra Roof, Inc., 51 F.Supp.2d 204, 221 n.16 (N.D.N.Y. 1999).  In this case, however, Gulf asserts that it is entitled to summary judgment because Twin Towers' claim is barred by the one-year statute of limitations set forth in the Miller Act, 40 U.S.C. section

3

3133(b)(4).  The Court agrees with the defendant.

The Miller Act , 40 U.S.C. section 3133(b)(4) provides:

Period in which an action must be brought.  An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action.

Gulf claims that the last date of Twin Towers' performance of work or supply of material was August 23, 2003.  Twin Towers claims that it is not clear what the last date was, but it is undisputed that Universal terminated its subcontract with Twin Towers on September 9, 2003.  Even if one considers this the date on which Twin Towers last performed work on the project or supplied material for it, this suit is still barred by the one-year statute of limitations because Twin Towers' motion to amend its complaint and add Gulf as a defendant was not filed until December 22, 2004.  Gulf was not even mentioned as a party to this action until this date, at the earliest.[1]  As this is, at the least, over three months after the expiration of the statute of limitations, Twin Towers' claims against Gulf must fail.

---

[1] As noted, Twin Towers' motion to amend was not granted until February 2, 2005 and the amended complaint was filed at that time.  Furthermore, Gulf was not served with the complaint until March 29, 2005.  However, even utilizing the earliest possible date marking any involvement of Gulf whatsoever, the plaintiff's claim fails.

CONCLUSION

For the foregoing reasons, the Court GRANTS the defendant's motion for summary judgment [Doc. # 37].

SO ORDERED this __8th___ day of March, 2006 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge